**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kendell Hull, ) | No. CV-06-2345-PHX-DGC (MEA) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Elizabeth Erickson; and the Attorney ) General of the State of Arizona, ) | |
| Respondents. ) | |

Pending before the Court are Petitioner Kendell Hull's *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and United States Magistrate Judge Mark Aspey's report and recommendation ("R&R"). Dkt. ##1, 11. The R&R recommends that the Court deny the petition. Dkt. #11 at 12. Petitioner has filed an objection to the R&R. Dkt. #12. For the reasons set forth below, the Court will accept the R&R and deny the petition.

**I.   Background.**

In March 2003, Petitioner was charged in an indictment with three felony counts: first degree murder, burglary, and aggravated assault. Dkt. #10 Ex. A. The indictment arose out of an incident in which Petitioner allegedly shot and killed his former father-in-law and fired shots at (but missed) his former brother-in-law. On June 15, 2004, Petitioner pled guilty to each count. *Id.* Ex. G.  On September 27, 2004, Petitioner was sentenced to life in prison

1   with the possibility of parole after 25 years on count one, 10.5 years on count two, and
2   7.5 years on count three.

3   Petitioner filed the instant petition on September 11, 2006.  Dkt. #1.  Construed
4   liberally, the petition asserts several claims for relief:  ineffective assistance of counsel, due
5   process and speedy trial violations, and an unconstitutional sentence. *Id.*  Respondents filed
6   an answer on December 15, 2006, arguing that the petition was untimely and that the claims
7   were procedurally defaulted.  Dkt. #10.

8   **II.    Analysis.**

9   The R&R concludes that Petitioner's claims are procedurally defaulted because
10  Petitioner failed to present them to the Arizona Court of Appeals and they are now waived
11  and time-barred under the Arizona Rules of Criminal Procedure.  Dkt. #11 at 8-10 (citing
12  *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) ("If Beaty has any unexhausted claims,
13  he has procedurally defaulted them, because he is now time-barred under Arizona law from
14  going back to state court.")); *see* Ariz. Rs. Crim. P. 32.2(a)(3) (waiver), 32.4(a) (timeliness).
15  The R&R further concludes that Petitioner has not shown a miscarriage of justice or cause
16  and prejudice to excuse the procedural default.  Dkt. #11 at 10-12.  Petitioner does not
17  address these conclusions or otherwise challenge the R&R in his objection.

18  Petitioner's failure to object to any specific portion of the R&R relieves the Court of
19  its obligation to review the R&R.  *See Sullivan v. Schriro*, No. CV-04-1517-PHX-DGC,
20  2006 WL 1516005, at *1-2 (D. Ariz. May 30, 2006).  The Court has nonetheless reviewed
21  the R&R and finds that it is well-taken.  The Court will accept the R&R and deny the
22  petition.  *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or
23  modify, in whole or in part, the findings or recommendations made by the magistrate");
24  Fed. R. Civ. P. 72(b) (same).

25  In his objection, Petitioner requests the appointment of counsel to assist him with his
26  claims.  Dkt. #12.  There is no constitutional right to appointed counsel in a civil case.
27  *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  Under
28  28 U.S.C. § 1915(e)(1), however, the Court does have discretion to appoint counsel in

1  "exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).
2  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of
3  success on the merits and the ability of the petitioner to articulate his or her claim *pro se* in
4  light of the complexity of the legal issues involved.'" *Id.* (citation omitted).

5  "Here, [Petitioner] has not demonstrated a likelihood of success on the merits." *Id.*
6  As explained in the R&R, Petitioner's claims are procedurally defaulted and Petitioner has
7  not shown a legally valid excuse for the default. Dkt. #11 at 10-12. Nor has Petitioner
8  demonstrated that any difficulty he is experiencing in attempting to litigate his case is due
9  to the complexity of the issues involved. *See Wilborn*, 789 F.2d at 1331. Petitioner
10  adequately set forth his claims for relief and the basis for each claim in his *pro se* petition.
11  Dkt. #1. While Plaintiff has pointed to financial and other difficulties he is experiencing due
12  to his incarceration, such difficulties do not make his case exceptional. The Court will deny
13  the request for appointment of counsel. *See Wilborn*, 789 F.2d at 1331; *Aldabe v. Aldabe*,
14  616 F.2d 1089, 1093 (9th Cir. 1980) ("The district court found no exceptional circumstances
15  warranting invocation of § 1915[(e)(1)], and we agree."); *Richards v. Harper*, 864 F.2d 85,
16  87 (9th Cir. 1988) (affirming denial of request for counsel where the plaintiff had
17  "demonstrated no likelihood of success on the merits").

18  **IT IS ORDERED:**
19  1.   Magistrate Judge Mark Aspey's R&R (Dkt. #11) is **accepted**.
20  2.   Petitioner Kendell Hull's petition for writ of habeas corpus (Dkt. #1) is **denied**.
21  3.   The Clerk shall **terminate** this action.
22  DATED this 1st day of March, 2007.

David G. Campbell
United States District Judge